

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

ELAINE WHITE,

        Movant,

v.                                  Criminal No. 4:13cr47

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM ORDER

    This matter is before the Court on Elaine White's ("Defendant") Motion to Vacate Restitution and Motion to Modify Restitution Judgment. In such motions, Defendant seeks to vacate the Court's Restitution Order or, presumably in the alternative, modify the Order to reduce her restitution payments. The Government did not file briefs opposing these motions. For the reasons set out herein, both of Defendant's motions are **DISMISSED** and **DENIED**.

    On January 16, 2014, following the entry of a guilty plea to one count of Conspiracy to Launder Monetary Instruments, the Court sentenced Defendant to a prison term of 66 months, and ordered that Defendant pay restitution in the amount of $1,021,738.60. See ECF No. 81. Although the Restitution Order provided that Defendant's payment of restitution was "due and payable in full immediately," the Court set a post-release

payment schedule in the event that "restitution is not paid in full immediately," and waived interest if restitution is "timely paid." Id. Pursuant to the agreed Restitution Order, signed by defense counsel on Defendant's behalf, the Court encouraged Defendant to participate in the Inmate Financial Responsibility Program ("IFRP") "to comply with the provision of the financial plan, and to meet the defendant's financial obligation." Id. Defendant now asks the Court to vacate its Restitution Order or, presumably in the alternative, reduce her restitution payments.

### Defendant's Motion to Vacate Restitution

In her Motion to Vacate Restitution, Defendant contends that the Restitution Order's provision, requiring restitution to be paid in full immediately, violates the Mandatory Victim Restitution Act of 1996 ("MVRA"). ECF No. 94. Defendant cites various cases outside the Fourth Circuit in support of her argument that "[a] Judge cannot order [a defendant] to pay immediately [her] Restitution." Id. at 1. However, Defendant misinterprets the holdings of those cases and, in any event, under the relevant statutory law and Fourth Circuit precedent, Defendant is not entitled to the relief she seeks.

18 U.S.C. § 3572 provides that a restitution obligation is due immediately unless the court specifies otherwise. See 18 U.S.C. § 3572(d)(1). Thus, it does not follow that orders requiring immediate payment of restitution "violate the MVRA

2

rules." ECF No. 94; see United States v. Sawyer, 521 F.3d 792, 798 (7th Cir. 2008) (cited in Defendant's motion) (finding no "miscarriage of justice" in ordering the defendant to "pay 'immediately' (which is to say, as soon as possible) after release"). The statute also provides that, "[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." 18 U.S.C. § 3572(d)(1). The United States Court of Appeals for the Fourth Circuit has interpreted this statute to give discretion to a district court in "specify[ing] the manner and schedule by which the defendant is to pay restitution." United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000) (holding that the court "effectively discharged its responsibility to set a payment schedule when it instructed that if [the defendant] were unable to pay the full restitution amount immediately, he could pay $200 per month beginning 60 days after his release.").

According to Defendant, "the first, second, third, sixth, eighth, tenth and eleven[th] circuits have all held that a district court must set a Restitution Repayment Schedule" rather than "simply order[ing] Immediate payment and leav[ing] the F.B.O.P. the task of setting the actual schedule." ECF No. 94 at 2 (citing United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008)). However, the court in Lemoine did not consider whether

3

"an order of immediate repayment [itself] fails to fulfill the Court's Obligation under the MVRA." Id. Rather, Lemoine, as well as most of the cases cited by Defendant, simply stands for the proposition that "the MVRA forbids delegation of the scheduling of restitution payments" because, pursuant to 18 U.S.C. § 3664, it is "the district court" - not the Bureau of Prisons - that is "ultimately responsible for setting a schedule for making restitution." Lemoine, 546 F.3d at 1047-48 (emphasis added); see also United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir. 2005) (holding that the district court does not have the authority to delegate its own scheduling duties under the MVRA to anyone else); United States v. Prouty, 303 F.3d 1249, 1255 (11th Cir. 2002) (same).

Here, in accordance with 18 U.S.C. § 3572(d)(1), the Court ordered that Defendant's restitution is due and payable in full immediately, but also provided that, in the event that Defendant cannot pay immediately, Defendant shall pay the greater of $250 a month or 25% of Defendant's net income towards her restitution obligation, beginning 60 days after her release from prison. Contrary to Defendant's argument that the Court "must consider the defendant['s] ability to pay when ordering restitution," ECF No. 94 at 1, the Court complied with 18 U.S.C. § 3664 in ordering full restitution "without consideration of the economic

4

circumstances of the defendant," 18 U.S.C. § 3664(f)(1)(A); Dawkins, 202 F.3d at 716.

The Court's Restitution Order encouraged Defendant to participate in IFRP during her incarceration, in order to meet her financial obligation, but did not require such participation.[1] Nor did the Court delegate payment scheduling authority to the Bureau of Prisons or any other third party, as prohibited by 18 U.S.C. § 3664. Moreover, although the Court did not specify any amount to be paid during Defendant's incarceration, it was not required to do so. See Sawyer, 521 F.3d at 795 (agreeing with Fourth and Fifth Circuit law "that a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration."). Thus, because the Court's Restitution Order does not "violate the MVRA Rules," and because it complies with 18 U.S.C. §§ 3572 and 3664 and established Fourth Circuit precedent, Defendant's Motion to Vacate Restitution is **DENIED**.

### Defendant's Motion to Modify Restitution Judgment

In her Motion to Modify Restitution Judgment, Defendant asks that the Court defer payments until she is "transferred to a prison facility that has the occupational capacity to employ."

---

[1] The Ninth Circuit observed in Lemoine that the MVRA does not limit the Bureau of Prisons' operation of an independent program, such as the IFRP, that encourages inmates to voluntarily make more generous payments than mandated in their judgments. Lemoine, 546 F.3d at 1048.

ECF No. 93. In addition, Defendant asks the Court to modify its Restitution Order to "establish a set payment plan of $25.00 per quarter" and to "advise" the Bureau of Prisons to honor such modification.

The Court has limited authority to modify a final judgment. See, e.g., Dillon v. United States, 130 S. Ct. 2683, 2690 (2010); United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014) ("A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions."). Defendant offers no exception to such rule of finality, nor does she demonstrate a "material change in economic circumstances" that would warrant a modification of her restitution payment schedule. 18 U.S.C. § 3664(k); see Bratton-Bey, 564 F. App'x at 30 ("[M]aterial change in economic circumstances under § 3664(k) requires 'an objective comparison of a defendant's financial condition before and after a sentence is imposed.'")(quoting United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000)).

Even if the Court had the discretion to reduce Defendant's restitution payment based on the facts before the Court, it would not exercise such discretion because the issue is not ripe for review. Specifically, Defendant misconstrues the immediate payment requirement in the Restitution Order. The Fourth Circuit interprets the immediate payment requirement to require

6

payment to the extent that the defendant can make it in "good faith, beginning immediately." Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). In addition, the purpose of the immediate payment requirement is to establish the defendant's current obligation so that the court can accelerate a restitution order under § 3664(n) if the defendant were to obtain additional funds. See Bratton-Bey, 564 F. App'x at 29 ("To trigger this automatic payment requirement, the defendant must be under a current obligation to satisfy the judgment.").

In this case, the Restitution Order provides that if restitution is not paid in full immediately, the Defendant's payment schedule will commence "60 days after release from any period of confinement." ECF No. 81. Although Defendant's restitution is "due and payable in full immediately," ECF No. 81, Defendant is not required to make payments if she lacks the funds to do so. Rather, Defendant is simply required to make a good faith effort to fulfill her restitution obligation. In fact, the Restitution Order reiterates this principle that "[t]he defendant shall make a bona fide effort to pay restitution in full as soon as practical." Id. The Court encouraged the Defendant to participate in the IFRP in order to meet her financial obligation. However, this Court has no control over how the Bureau of Prisons runs this independent program and therefore cannot "advise" it to honor any specified

7

payment schedule if Defendant were to participate in the IRFP. Thus, because the Court does not have discretion to modify the Restitution Order absent a material change in Defendant's economic circumstances and, alternatively, the issue is not ripe for review, Defendant's Motion to Modify Restitution Judgment is **DENIED**.

Accordingly, the Court finds that Defendant has not demonstrated a sufficient justification for either vacating or modifying the Court's Restitution Order. Defendant's motions are therefore **DISMISSED** and **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 23rd, 2014