UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

ELAINE WHITE,

    Petitioner,

v.                                           Civil No. 4:15cv142
                                              Criminal No. 4:13cr47
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Elaine White ("Petitioner"). ECF No. 100. Petitioner's § 2255 motion advances three claims alleging that defense counsel provided constitutionally ineffective assistance, and one claim alleging that Petitioner was denied due process because her guilty plea was not knowing and voluntary. Id. Also before the Court are two related § 2255 supplements filed by Petitioner. ECF Nos. 108, 109. For the reasons set forth below, Petitioner's § 2255 motion, and related supplements, are **DISMISSED** as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2013, Petitioner pled guilty, pursuant to a written plea agreement, to "Conspiracy to Launder Monetary

Instruments," in violation of 18 U.S.C. § 1956(h) and § 1957. ECF No. 61. On January 16, 2014, Petitioner was sentenced to sixty-six months imprisonment. ECF No. 83. Petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On December 21, 2015, Petitioner filed the instant § 2255 motion.[1] ECF No. 100. The Government filed a brief in opposition on February 18, 2016. ECF No. 104. Before her § 2255 motion was fully briefed, Petitioner filed a motion seeking a "sentence reduction pursuant to 8 U.S.C. § 1228(a)," which also invoked 18 U.S.C. § 3582, and "5H1.1 specific offender characteristics (age)." ECF No. 105. On May 31, 2016, this Court denied Petitioner's motion for a sentence reduction. ECF No. 106.

Before this Court issued a ruling on Petitioner's § 2255 motion, on October 3, 2016, Petitioner filed another document labeled as a § 2255 motion. ECF No. 108. Approximately six weeks later, she filed a "Motion in Affidavit," which again references 28 U.S.C. § 2255 and advances a challenge to "the Federal Government's Jurisdiction upon her personal being." ECF No. 109, at 1. In light of such filings, this Court issued an

---

[1] Petitioner's § 2255 motion was filed on the Court's docket on December 29, 2015. However, pursuant to the "prisoner mailbox rule," Petitioner's motion includes a declaration that it was placed into the prison mailing system on December 21, 2015, and this Court therefore treats such earlier date as the time of filing.

2

Order instructing the Government to file a supplemental response. ECF No. 110. On December 20, 2016, the Government filed a responsive brief asserting that both of Petitioner's supplemental § 2255 filings are untimely and lack merit. ECF No. 111. Petitioner filed a reply brief on January 17, 2017. ECF No. 112. Accordingly, Petitioner's § 2255 motion, and associated supplements, are fully briefed and ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th

Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitations period begins running on the latest of four dates: the "date on which the judgment of conviction becomes final," the date on which certain government-created impediments to filing are removed, the date on which a new right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or the date on which previously undiscoverable facts supporting the claim could be discovered. Id.

### III. DISCUSSION

Petitioner's original § 2255 motion, filed on December 21, 2015, advanced three ineffective assistance claims and one due process claim, and her supplemental filings appear to advance a Guidelines challenge asserting that she should have received a "minor role" adjustment at sentencing and a challenge

4

questioning the federal government's jurisdiction over her "personal being." In response, the Government contends that: (1) Petitioner's original § 2255 motion is untimely, as are her later-in-time supplements; and (2) Petitioner's supplemental filings do not "relate back" to Petitioner's initial (untimely) § 2255 motion because they advance new claims. Importantly, Petitioner's various motions and briefs filed in this case fail to cite to any case law, statute, or any other authority, that would excuse her compliance with the limitations period set forth in § 2255(f).[2]

As argued by the Government, Petitioner had one year to file a timely § 2255 motion from the latest of the four dates set forth in § 2255(f). Because Petitioner fails to assert that a government-created impediment prevented her from filing a timely § 2255 motion, and her theories of relief do not rely on new facts that were not previously discoverable or newly decided Supreme Court cases made retroactive to cases on collateral review, the one-year limitation period began to run on "the date on which the judgment of conviction bec[a]me[] final." 28 U.S.C. § 2255(f)(1). Petitioner's criminal judgment was entered on the public docket on January 17, 2014, and her

---

[2] Petitioner asserts in her final brief that there is "NO statute of Limitations on FRAUD," ECF No. 112, at 1. However, Petitioner not only fails to cite any case law or provide any other support for such legal assertion, but she fails to demonstrate that her guilty plea was the product of "fraud."

5

conviction became final fourteen days later when Petitioner's direct appeal period expired. See United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (explaining that a conviction becomes "final" for § 2255(f)(1) purposes at the "expiration of the time for seeking [a direct appeal]" and that the appeal period in a criminal case extends "fourteen days from the date when judgment was 'entered on the criminal docket'" (citations omitted)). Petitioner, however, did not file her initial § 2255 motion until December 21, 2015, more than 22 months after her conviction became final. Petitioner's § 2255 supplements were filed many months later. Having offered no valid basis to excuse the timing of such late submissions,[3] for the reasons discussed in greater detail in the Government's briefs, Petitioner's initial § 2255 motion, and her two related supplements, are **DISMISSED** as untimely.[4]

---

[3] In limited circumstances, a court may equitably toll the one-year limitations period set forth in § 2255(f). Holland v. Florida, 560 U.S. 631, 645-50 (2010). The purpose of such tolling is to provide flexibility to relieve rare hardships that arise from a rigid application of the law. Id. at 650. Here, despite her numerous written submissions, Petitioner has not asserted that equitable tolling applies, nor does she advance any evidence or argument suggesting the existence of "extraordinary circumstances" that would render it "unconscionable to enforce the limitation period" against her in this case. Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (citations omitted).

[4] In the alternative, assuming that Petitioner timely filed her original § 2255 motion, the Court would deny such motion on the merits. Petitioner's initial § 2255 motion only provides single-sentence allegations in support of each ground for relief. See ECF No. 100, at 5-8 ("Defense counsel failed to file a notice of appeal after sentencing"; "Defendant pled guilty without knowing and understanding the consequences of her plea"). Such conclusory allegations lack the specific facts necessary to demonstrate either that defense counsel provided

6

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion, and her two related supplements, are **DISMISSED** as untimely. ECF Nos. 100, 108, and 109.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion and supplements is not debatable, and alternatively finding that Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, she may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of

---

constitutionally deficient performance, or that Petitioner's plea was involuntary. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (quotation marks and citations omitted)). Similarly, even if assumed to be timely, Petitioner's supplemental filings fail on the merits because: (1) Petitioner fails to demonstrate that this Court erred by not applying a role reduction at sentencing and further fails to demonstrate that any alleged error rises to the level necessary to warrant § 2255 relief, see United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (explaining that "ordinary misapplication" of the Guidelines does not rise to the level necessary to support § 2255 relief) (citation omitted); and (2) Petitioner's jurisdictional challenge, predicated on Petitioner's status as a "personal being" and on numerous "proof of claims" for which Petitioner demands a response from the Government, fails on its face.

appealability from the Court of Appeals, she must do so **within sixty (60) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 10, 2017